UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

YILKAL BEKELE, on behalf of himself and
all others similarly situated,

          Plaintiff,

v.

LYFT, INC.,

          Defendant.

CIVIL ACTION NO. _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Lyft, Inc. ("Lyft") hereby removes the state court action described below. This Court has original subject matter jurisdiction over the lawsuit of plaintiff Yilkal Bekele ("Plaintiff") under the Class Action Fairness Act of 2005 ("CAFA") because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and Lyft, the number of proposed class members exceeds 100 individuals, and the amount in controversy exceeds $5 million in the aggregate.

**I.     FACTUAL BACKGROUND**

1.  This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of class actions. *See* 28 U.S.C. § 1453.

2.  On January 23, 2015, Plaintiff commenced an action against Lyft by filing a Complaint in the Superior Court for the Commonwealth of Massachusetts, Docket No. 15–0245E (the "State Court Action"). A true and correct copy of the Complaint together with all process filed in the state court action is attached hereto as Exhibit A.

3. On April 1, 2015, Plaintiff served Lyft with copies of the Complaint.

4. Plaintiff purports to bring and maintain this action as a class action under Massachusetts Rule of Civil Procedure 23 and Massachusetts General Laws ch. 149, § 150. *See* Complaint at p. 4. Plaintiff seeks to represent the following class: "[A]ll . . . individuals who have worked as Lyft drivers in Massachusetts." *Id.* ¶ 6.

5. Plaintiff seeks a declaratory judgment that he and members of the putative class he seeks to represent are employees under Massachusetts law. *See id.* at p. 4. He also seeks to recover expenses that he claims were improperly incurred as a result of his and the putative class members' alleged misclassification as independent contractors, including "expenses for owning or leasing their vehicles, maintenance, insurance, gas, and other expenses," pursuant to Massachusetts General Laws ch. 149, § 150. *Id.* at p. 3. And, pursuant to Massachusetts General Laws ch. 149, § 148, Plaintiff seeks all wages that he and the putative class members would have earned if they had been classified as employees. *Id.* at p. 4. Therefore, for the purposes of this Notice of Removal, this matter is a class action as that term is defined pursuant to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

## II.   REMOVAL IS TIMELY

6. Plaintiff served Lyft with his Complaint on April 1, 2015. Because this Notice of Removal is filed within thirty (30) days of service of the Complaint on Lyft, it is timely under 28 U.S.C. § 1446(b) and 1453.

7. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

---

[1] Lyft does not concede, and reserves the right to contest, Plaintiff's allegation that this action may properly proceed as a class action. Lyft also reserves its right to compel arbitration of Plaintiff's claims.

**III.     THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

8.     This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and Lyft, the number of proposed class members is 100 or greater, and the amount in controversy exceeds $5 million in the aggregate, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d), 1453. No exception to the exercise of federal jurisdiction applies. *See, e.g.*, 28 U.S.C. § 1332(d)(4)(A)–(B). Therefore, removal under CAFA is proper.

9.     Notably, with respect to CAFA, the Supreme Court recently clarified that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 133 S. Ct. 547, 554 (2014).

**A.     Diversity of Citizenship Exists.**

10.    Plaintiff was at the time of the commencement of this action a resident and citizen of the Commonwealth of Massachusetts. *See* Complaint ¶ 5.

11.    Lyft is now, and was at the time of the commencement of this action, a privately-held company incorporated in Delaware and with a principal place of business in San Francisco, California. *See* Complaint ¶ 7; *see also* Declaration of Alma Aldrich ("Aldrich Decl.") ¶ 4, attached hereto as Exhibit B. Thus, for the purposes of determining citizenship, Lyft is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

12.    As a result, and for the purposes of 28 U.S.C. § 1332(d)(2), there is diversity of citizenship pursuant to CAFA because a member of the putative class "is a citizen of a State different from any defendant."

### B. There Are More Than 100 Class Members.

13. Plaintiff seeks to certify a class of all "individuals who have worked as Lyft drivers in Massachusetts." Complaint ¶ 6.

14. Lyft's smartphone application service launched in greater Boston on May 31, 2013. *See* Aldrich Decl. ¶ 5.

15. Since that time, thousands of individual operators in Massachusetts were parties to written agreements under which they were licensed to use Lyft's smartphone application for the purpose of obtaining lead generation services for potential third party customers seeking transportation services.[2] *See id.* ¶ 6.

16. Therefore, there are more than 100 class members in the putative class. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. The Amount-in-Controversy Requirement Under CAFA Is Satisfied.

17. Pursuant to *Dart Cherokee*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and such "amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co.*, 133 S. Ct. at 554.

18. CAFA provides for the aggregation of the claims of the individual members in a class action to determine if the amount in controversy exceeds the sum or value of $5 million, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(6).

19. In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the

---

[2] In the event the Court requires more precise figures than the "thousands" of individual operators identified here or with respect to the miles and hours driven by those drivers, *see infra* ¶¶ 24, 26, Lyft is prepared to submit, under seal and subject to a suitable protective order, or for *in camera* review, specific information regarding those figures. However, Lyft submits that the information provided herein and attested to under penalty of perjury suffices to show a reasonable probability that the amount in controversy exceeds $5 million.

plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. Rep. 109-14, at 42 (2005).

20. Where, as here, the plaintiff does not expressly plead a specific amount of damages, a defendant must only show a reasonable probability that the amount in controversy exceeds $5 million. *See Sierra v. Progressive Direct Ins. Co.*, No. 12–30020–FDS, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012). Plaintiff's likelihood of success on the merits is irrelevant to determining the court's jurisdiction because "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 n.6 (D. Mass. 2009). Because "questions of removal are typically decided at the pleadings stage where little or no evidence has yet been produced, the issue should be resolved without an extensive fact-finding inquiry or 'mini-trial' about the amount in controversy." *Sierra*, 2012 WL 4572923, at *2.

21. In addition, "[i]n calculating the amount in controversy, a federal court must examine relevant state law to determine the nature and extent of the damages which may be awarded." *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013) (quoting *Stewart v. Tupperware Corp.*, 356 F.3d 335, 339 (1st Cir. 2004)). Thus, where the statute at issue includes both a damage multiplier and the awarding of attorneys' fees, "the court must apply [those] factor[s] in evaluating the amount in controversy." *Id.* (internal citations omitted).

22. While Lyft denies Plaintiff's claims and denies that Plaintiff or the putative class he purports to represent are entitled to the relief for which he has prayed, it is clear that, when the maximum potential values of the claims of Plaintiff and the putative class members are aggregated, the allegations within the Complaint "more likely than not" put into controversy an

amount in excess of $5 million.

       *1.*  *Information Relevant to Establishing Application of CAFA.*

  23.  Plaintiff's Complaint does not define the class period, but the statute of limitations for Plaintiff's claims stemming from his alleged misclassification as an independent contractor is three years.  *See* Mass. Gen. Laws ch. 149, § 150.  Thus, as Plaintiff filed his Complaint on January 23, 2015, the class period for present purposes of establishing jurisdiction under CAFA would be January 23, 2012 through the conclusion of this action.

  24.  Since beginning operations in Massachusetts in May 2013, the thousands of individual operators identified above drove, in the aggregate, well over 10 million miles in order to service leads generated through the Lyft application.  *See* Aldrich Decl. ¶ 7.

  25.  The Internal Revenue Service standard mileage rates used to calculate the deductible costs of operating an automobile for business purposes ranged from $0.55 per mile to $0.57 per mile during the class period.  *See* IRS Standard Mileage Rates, http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates (last visited Apr. 7, 2015), attached hereto as Exhibit C.

  26.  Since beginning operations in Massachusetts in May 2013, the individual operators identified above drove, in the aggregate, well over 625,000 hours in order to service leads generated through the Lyft application.  *See* Aldrich Decl. ¶ 8.

  27.  Massachusetts' minimum wage was $8.00 per hour in 2013 and 2014 and increased to $9.00 per hour on January 1, 2015.  *See* Mass. Gen. Laws ch. 151, § 1.

       *2.*  *Calculation of Plaintiff's Claimed Damages.*

  28.  Plaintiff alleges that by misclassifying him and the putative class members as independent contractors rather than as employees, he and the putative class members have

suffered damages for, among other things, maintaining and/or leasing their vehicles, insurance, gas, and other expenses. *See* Complaint at p. 3.

29.    For purposes of this Notice of Removal only, Lyft's calculations assume that putative class members incurred vehicle expenses enumerated in Plaintiff's Complaint based on the <u>lowest</u> applicable IRS reimbursement rate during the class period.[3] Under this assumption, the amount placed at issue by Plaintiff relating to Plaintiff's allegation for improperly incurred expenses far exceeds $5 million (well over 10 million miles times $0.55 per mile for a total of over $5.55 million).

30.    When trebled under Massachusetts General Laws ch. 149, § 150, the amount in controversy with respect to alleged improper expenditures significantly exceeds $15 million (over $5.55 million trebled totals over $16.65 million). *See Lucas*, 973 F. Supp. 2d at 101 (recognizing that Court should include multiple damages in calculating amount in controversy); *see also* Complaint at p. 4 (requesting treble damages).

31.    Plaintiff also alleges that by misclassifying him and the putative class members as independent contractors rather than as employees, Lyft violated the Wage Act, Massachusetts General Laws ch. 149, § 148. *See* Complaint ¶ 4. As a result, plaintiff seeks "damages for all wages" owed to him and the members of the putative class. *Id.* at p. 4.

32.    For purposes of this Notice of Removal only, Lyft assumes that Plaintiff and the putative class members would be entitled to the <u>lowest</u> minimum wage available for each hour

---

[3] Lyft calculates Plaintiff's alleged improper vehicle expenses based upon the IRS reimbursement rates for mileage because Plaintiff's counsel recently argued that the IRS reimbursement rate was the proper measurement of these expenses in a brief submitted to the Massachusetts Supreme Judicial Court. *See* Brief of Plaintiffs-Appellants at 4 n.5, *Schwann v. FedEx Ground Package Sys., Inc.*, No. SJC–11653 (Mass. June 20, 2014), attached hereto as Exhibit D; *see also* Internal Revenue Bulletin 2010–51, available at http://www.irs.gov/irb/2010-51_IRB/ar14.html (last visited Apr. 7, 2015) ("A taxpayer computes a deduction using the business standard mileage rate on a yearly basis and in lieu of computing the fixed and variable costs of the automobile allocable to business purposes (except as provided in section 7.06 of this revenue procedure). Items such as depreciation or lease payments, maintenance and repairs, tires, gasoline (including all taxes thereon), oil, insurance, and license and registration fees are included in fixed and variable costs for this purpose.").

driven during the class period.[4]  Under this assumption, the amount placed at issue by Plaintiff relating to Plaintiff's claim for damages for all wages exceeds $5 million (over 625,000 hours driven times $8.00 per hour for a total of at least $5 million).

33.     When trebled under Massachusetts General Laws ch. 149, § 150, the amount Plaintiff may place in controversy with respect to the alleged failure to pay minimum wage exceeds $15 million (over $5 million trebled totals over $15 million).  *See Lucas*, 973 F. Supp. 2d at 101 (recognizing that Court should include multiple damages in calculating amount in controversy); *see also* Complaint at p. 4 (requesting treble damages).

34.     In addition, where the statute provides for the recovery of attorneys' fees, such fees must be considered in calculating the amount in controversy.  *See Lucas*, 973 F. Supp. 2d at 101; *see also* Complaint at p. 4 (requesting attorneys' fees).  Plaintiff's counsel, in a tips law case also brought pursuant to Massachusetts General Laws ch. 149, § 150, received 30% of a court-approved settlement to account for her fees and expenses.  *See* Order Approving Settlement, *Matamoros v. Starbucks Corp.*, No. 1:08–CV–10772–NMG (D. Mass. Aug. 16, 2013); Plaintiffs' Assented-to Motion for Preliminary Approval of Class Action Settlement, *Matamoros v. Starbucks Corp.*, No. 1:08–CV–10772–NMG (D. Mass. Apr. 15, 2013).  Thus, it is reasonable to conclude that Plaintiff's counsel will seek a similar recovery in this case.  Thirty percent in attorneys' fees on top of a potential damages award in excess of $30 million would add at least another $9 million to the amount in controversy.

35.     In the alternative, the First Circuit has recognized that, in calculating the amount in controversy for purposes of removal, estimating attorneys' fees in the amount of 10% of the total damages is reasonable.  *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 81–82 (1st Cir.

---

[4] Lyft expressly denies that there has been a violation of the Independent Contractor Statute or the Wage Act and that the Plaintiff and putative class members would be entitled to any damages.

8

2014). Applying a 10% attorneys' fee recover to a potential damages award in excess of $30 million would add at least another $3 million to the amount in controversy.

36. Although Lyft expressly denies Plaintiff's allegations and theories of recovery, and expressly denies that he or the putative class he purports to represent is entitled to any of the requested relief, the amount in controversy associated with Plaintiff's aggregated claims clearly exceeds the $5 million threshold set forth under 28 U.S.C. § 1332(d)(2).

### 3. No Exceptions to CAFA Jurisdiction Apply.

37. CAFA provides for two primary exceptions to the exercise of federal jurisdiction, the so-called "home state" and "local controversy" exceptions. *See* 28 U.S.C. §§ 1332(d)(4)(A)–(B). Both exceptions require, *inter alia*, at least one defendant to be a citizen of the state in which the action was originally filed. *See id.* Plaintiff bears the burden of proof as to the applicability of these exceptions. *See Manson*, 602 F. Supp. 2d at 295; S. Rep. No. 109-14, at 42. Plaintiff cannot meet his burden of proving that either exception applies because Lyft is not a citizen of Massachusetts. *See* Aldrich Decl. ¶ 4.

### III. REMOVAL REQUIREMENTS SATISFIED

38. As set forth above, Lyft's Notice of Removal is timely because it is filed within thirty (30) days after Lyft received a copy of the Complaint filed by the Plaintiff on January 23, 2015. *See* 28 U.S.C. § 1446(b).

39. Lyft has not filed a responsive pleading in the state court action and no other proceedings have transpired in that action.

40. Pursuant to 28 U.S.C. § 1441(a), this action may be removed to the United States District Court for the District of Massachusetts.

41. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed

with the Massachusetts Superior Court and written notice is being provided to Plaintiff.

42. If any question arises as to the propriety of the removal of this action, Lyft requests the opportunity to present a brief in support of its position that this case is removable and that CAFA's limited exceptions to federal jurisdiction are inapplicable.

43. Lyft reserves all rights, claims, and defenses relative to the action filed by the Plaintiff and expressly does not waive any defense available in filing this notice.

**WHEREFORE**, the defendant, Lyft, Inc., respectfully requests that the action *Yilkal Bekele, on behalf of himself and all others similarly situated, v. Lyft, Inc.*, Massachusetts Superior Court, No. 15–0245E, be removed to the United States District Court for the District of Massachusetts, and proceed before this Court as an action properly removed.

Dated: April 21, 2015

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ James D. Smeallie*
James D. Smeallie (BBO No. 467380)
*jd.smeallie@hklaw.com*
David J. Santeusanio (BBO No. 641270)
*david.santeusanio@hklaw.com*
Michael T. Maroney (BBO No. 653476)
*michael.maroney@hklaw.com*
Robert M. Shaw (BBO No. 669664)
*robert.shaw@hklaw.com*
Nathaniel F. Hulme (BBO No. 678447)
*nathaniel.hulme@hklaw.com*
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850

*Attorneys for Defendant Lyft, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies will be sent to those indicated as non-registered participants on April 21, 2015.

                                            */s/ Nathaniel F. Hulme*
                                            Nathaniel F. Hulme

#35152047_v4