# EXHIBIT A

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. z  15-0245-E

Yilkal Bekele et al. , Plaintiff(s)

v.

Lyft, Inc. , Defendant(s)

## SUMMONS

Lyft, Inc. c/o Registered Agent
Incorporating Services, Ltd.
10 Milk St., Ste. 1055   Boston, MA 02108

To the above-named Defendant:

You are hereby summoned and required to serve upon Shannon Liss-Riordan of Lichten & Liss-Riordan, P.C. plaintiff's attorney, whose address is 729 Boylston St. 2d Fl. Boston, MA , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant ~~Barbara J. Rouse~~, Esquire, at Boston, the seventeenth day of March , in the year of our Lord two thousand fifteen .

*Michael Joseph Donovan*
Clerk/Magistrate

A true copy Attest
Deputy Sheriff Suffolk County

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                      Superior Court
                                                  Civil Action No. 15-0245 E

YILKAL BEKELE,
on behalf of himself and all others
similarly situated,

              Plaintiffs,       JURY DEMANDED

        v.

LYFT, INC.,

              Defendant.

*RECEIVED JAN 2 3 2015 SUPERIOR COURT - CIVIL MICHAEL JOSEPH DONOVAN CLERK / MAGISTRATE*

## CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. This case is brought on behalf of individuals who have worked as Lyft drivers in Massachusetts. Lyft is a car service that provides customers with drivers who can be hailed and dispatched through a mobile phone application.

2. Lyft has misclassified these drivers as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B. As a result of this misclassification, the drivers have had to bear expenses that should be borne by the employer. For example, the drivers have had to pay expenses to own or lease their vehicles and maintain them, as well as other expenses, such as gas and insurance.

4. Plaintiff brings this action on his own behalf, and on behalf of all Lyft drivers who have worked in Massachusetts, for violation of the Independent Contractor Law, Mass. Gen. L. c. 149 § 148B, and the Wage Act, Mass. Gen. L. c. 149 § 148.

## II. PARTIES

5. Plaintiff Yilkal Bekele is an adult resident of Boston, Massachusetts. He has worked as a Lyft driver in Massachusetts since August 2014.

6. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as Lyft drivers in Massachusetts.

7. Defendant Lyft, Inc. ("Lyft") is a nation-wide car service that is headquartered in San Francisco, California.

## III. STATEMENT OF FACTS

8. Lyft provides car service via an on demand dispatch system. Lyft offers customers the ability to hail a car service driver on a mobile phone application.

9. Lyft's website advertises "a friendly, affordable ride whenever you need one."

10. Although classified as independent contractors, Lyft drivers are employees under Massachusetts law.

11. Lyft is in the business of providing car service to customers, and that is the service that Lyft drivers provide. The drivers' services are fully integrated into Lyft's business, and without the drivers, Lyft's business would not exist.

12. In addition, drivers are given detailed instructions regarding how they should do they their jobs, and they are subject to termination based on their failure to follow these instructions (such as rules regarding their conduct with customers, what they should say to customers, the cleanliness of their vehicles, etc.)

13. Due to their misclassification as independent contractors, Lyft drivers have been required to bear many of the expenses of their employment, including expenses for owning or leasing their vehicles, car maintenance, insurance, gas, and other expenses.

## IV.   EXHAUSTION OF ADIMINISTRATIVE REMEDIES

14. Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, the above-named plaintiff filed his statutory claims with the Office of the Attorney General and received a right to sue letter in order to proceed on these claims in court.

### COUNT I

### Independent Contractor Misclassification

As set forth above, Lyft has misclassified its drivers in Massachusetts as independent contractors, in violation of Mass. Gen. L. c. 149 § 148B. As a result of this misclassification, drivers have improperly been required to bear the expenses of their employment (such as expenses for owning or leasing their vehicles, maintenance, insurance, gas, and other expenses), in violation of Mass. Gen. L. c. 149 §§ 148 and 148B. This claim is brought pursuant to M.G.L. c. 149, § 150.

### JURY DEMAND

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs respectfully request this Court to:

A. Certify this case as a class action pursuant to Mass. Gen. L. c. 149 § 150 and/or Mass. R. Civ. P. 23;

B. Issue a declaratory judgment that Lyft drivers in Massachusetts are employees, not independent contractors;

C. Award damages for all wages or other forms of restitution that are due to the drivers because of their misclassification as independent contractors;

D. Award treble damages;

E. Award attorneys' fees and costs; and

F. Award any other relief to which the drivers may be entitled.

Respectfully submitted,

YILKAL BEKELE, individually and on behalf of all others similarly situated,

By their attorneys,

Shannon Liss-Riordan, BBO #640716
Adelaide Pagano, BBO #690518
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
(617) 994-5801 (fax)
Email: sliss@llrlaw.com

Dated: January 22, 2015

4